IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



BRANCH BANKING AND TRUST COMPANY,

    Plaintiff,

v.                                             Case No.: 4:10cv156

NED'S MARINE & AUTO CENTER, INC.,

    Defendant.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion for Summary Judgment (ECF No. 10) filed by plaintiff Branch Banking and Trust Company ("BB&T") on March 18, 2011. The motion was referred to the undersigned United States Magistrate Judge for a recommended disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference entered April 12, 2011 (ECF No. 16). For the reasons stated herein, the Court recommends that BB&T's Motion for Summary Judgment (ECF No. 10) be GRANTED.

### I. BACKGROUND

In this action, plaintiff BB&T seeks judgment on two promissory notes made by defendant Ned's Marine, payable to BB&T. Ned's Marine admits liability on the notes but disputes certain elements of BB&T's claim for damages.

Both notes were made by Ned's Marine on December 20, 2007, payable to BB&T. The first note was made out for the original principal amount of $850,000, payable in monthly installments of principal and interest at a fixed interest rate of 8.5% per annum. Harriman Decl. Ex. 1, ECF No. 11 attach. 1. The second note was made out for the original principal amount of $100,000, with a balloon payment of both principal and interest due upon maturity at a variable interest rate equal BB&T's prime rate plus 1% per annum. Harriman Decl. Ex. 2. The second note was subsequently modified to defer the maturity date (three times), to provide for monthly interest payments, and to set a minimum interest rate of 5.25% per annum. Harriman Decl. Exs. 3-5. In connection with these two notes, BB&T and Ned's Marine also entered into a loan agreement, which was also signed by Audrey and Lewis Lipscomb as guarantors. Harriman Decl. Ex. 6. The notes were secured by a deed of trust on certain real property owned by the Lipscombs. Harriman Supp. Decl. Ex. 3, ECF No. 19 attach. 1.

The Court notes that this is an action against Ned's Marine on the notes alone. The Lipscombs are not party to this action, and BB&T does not seek foreclosure of the collateralized property in this action.

On May 5, 2010, Ned's Marine defaulted on the first note when it failed to make its monthly payment. Harriman Supp. Decl. ¶ 5. This also triggered a cross-default provision in the second note,

placing that note into default as well. Harriman Supp. Decl. ¶ 9; Harriman Decl. Exs. 2-5. As a result of these defaults, BB&T claims the following damages:

<u>Note 1</u>
Principal:     $813,014.93
Interest:          $191.9618 per diem from April 5, 2010
Late fees:     $4,482.36
Appraisal fee: $3,550.00

<u>Note 2</u>
Principal:     $59,009.29
Interest:          $8.6055 per diem from July 5, 2010
Late fees:     $130.85

Initially, BB&T sought additional damages pursuant to a pre-payment fee provision in the loan agreement, but it waived its claim to any pre-payment fee in its reply brief. Pl.'s Reply Br. 4, ECF No. 15.

Initially, Ned's Marine disputed BB&T's interest calculations on the first note, but it conceded the issue in its supplemental brief. Def.'s Supp. Br. 1, ECF No. 20. Through June 10, 2011, the date of this Report, the accrued interest on the first note is $76,976.68 (401 days x $191.9618), and the accrued interest on the second note is $2,925.87 (340 days x $8.6055).

Ned's Marine has not contested the late fees claimed by BB&T.

Thus, the only remaining issue in dispute is whether BB&T is entitled to reimbursement of the claimed appraisal fee pursuant to certain contractual language permitting BB&T to recover "costs of collection."

## II. MOTION FOR SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. In deciding a summary judgment motion, the Court must view the record as a whole and in the light most favorable to the nonmovant. Terry's Floor Fashions, Inc. v. Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the nonmovant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." Anderson, 477 U.S. at 251-52.

## III. ANALYSIS

The parties agree that the notes provide that Ned's Marine is liable for "costs of collection" incurred by BB&T in connection

with the notes. BB&T contends that it incurred a $3,550 appraisal fee expense in connection with its collection efforts, and it is therefore entitled to recovery. Ned's Marine denies liability for the claimed appraisal fee, arguing that the appraisal was incurred "at the election of BB&T" rather than as a necessary step in the collections process.

Each of the notes contains the following language: "If this Note is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal and interest, <u>all costs of collection</u>, including but not limited to reasonable attorneys' fees." E.g., Harriman Decl. Ex. 1, at 3 (emphasis added).

Each of the notes also contains an identical list of certain other agreements, providing that: "All of the terms, conditions and covenants of the above described agreements (the 'Agreements') are expressly made a part of this Note by reference in the same manner and with the same effect as if set forth herein at length . . . ." E.g., id. at 2. Four agreements are identified in the space above: (1) a Deed of Trust dated December 20, 2007, granted in favor of BB&T as beneficiary by Lewis and Audrey Lipscomb; (2) a Loan Agreement dated December 20, 2007, executed by Ned's Marine; (3) an Assignment of Leases and Rents dated December 20, 2007, executed by

Lewis Lipscomb; and (4) a Subordination Agreement dated December 20, 2007, executed by Ned's Marine.[1] E.g., id. at 1-2.

Section 10.08 of the Loan Agreement contains additional language regarding collection costs, providing that: "In the event [Ned's Marine] or [the Lipscombs] shall default in any of its obligations hereunder and [BB&T] believes it necessary to employ an attorney to assist in the enforcement or collection of the indebtedness of [Ned's Marine] to [BB&T], to enforce the terms and provisions of the Loan Documents,[2] . . . [Ned's Marine] and [the Lipscombs] agree to pay the reasonable attorneys' fees of [BB&T] and <u>all related costs of collection or enforcement</u> that may be incurred by [BB&T]." Harriman Decl. Ex. 6, at 4 (emphasis added).

Paragraph 16 of the Deed of Trust further informs the scope of recoverable collection costs, providing that: "Whether or not any court action is involved, all reasonable expenses incurred by [BB&T] which in [BB&T]'s opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall

---

[1] The Assignment of Leases and Rents and the Subordination Agreement have not been made part of the record. The Court assumes that neither is relevant to the contested issue.

[2] "Loan Documents" are defined in the Loan Agreement as the Loan Agreement itself and any schedules thereto, plus "the Note(s), the Deed(s) of Trust, the Mortgage(s), the Security Agreement(s), the Assignment(s) of Leases and Rents, all UCC Financing Statements, the Guaranty Agreement(s), and all other documents, certificates, and instruments executed in connection therewith, and all renewals, extensions, modifications, substitutions, and replacements thereto and therefore." Harriman Decl. Ex. 6, at 4.

become a part of the Debt[3] payable on demand . . . . Expenses covered by this paragraph include, . . . <u>appraisal fees</u> . . . ." Harriman Supp. Decl. Ex. 3, at 4 (emphasis added).

Finally, BB&T submits an unrebutted[4] declaration by Cheryl Harriman, Regional Credit Officer for BB&T, in which she states that: "as an ordinary and necessary part of the [collections] process . . . , BB&T usually obtains, and actually obtained in this case, an appraisal on any real property securing its loans. . . . . Such an appraisal informs BB&T's collection process and decisions, including, but not limited to its decision as to whether to bring action against obligors under its loans, foreclose on its collateral or both. The appraisal, in this case, informed BB&T's decisions." Harriman Supp. Decl. ¶ 17.

Based upon the evidence outlined above, the Court FINDS that BB&T has met its initial burden of demonstrating that it is entitled to judgment as a matter of law, and that there is no genuine dispute as to any material fact that would prevent the court from rendering judgment in BB&T's favor. See Fed. R. Civ. P. 56(a); <u>Celotex</u>, 477 U.S. at 331 ("The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing

---

[3] The "Debt" is defined in the Deed of Trust as the debt evidenced by "that Promissory Note dated December 20, 2007[,] in the amount of $850,000.00 executed by Ned[']s Marine & Auto Center[,] Inc[.]" Harriman Supp. Decl. Ex. 3, at 1.
[4] The Court notes that Ned's Marine submitted no affidavits, declarations, or any other evidence in opposition to BB&T's motion for summary judgment.

that it is entitled to summary judgment."). In particular, the Court notes that Ms. Harriman's unrebutted declaration establishes that obtaining an appraisal on collateralized property is a necessary step in the bank's decision-making process when considering appropriate action to collect on a secured note in default. Moreover, the Court observes that both notes at issue expressly incorporate by reference the terms and conditions of a deed of trust, which in turn expressly states that BB&T may recover reasonable expenses incurred in the protection of its interests or enforcement of its rights, specifically including appraisal fees.

Ned's Marine has failed to present any substantial evidence to the contrary. See Anderson, 477 U.S. at 249 ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.") (citations omitted); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citations omitted).

Accordingly, the Court considers the facts advanced by BB&T with respect to the appraisal fee issue to be undisputed, and

recommends that BB&T's Motion for Summary Judgment (ECF No. 10) be GRANTED. See Fed. R. Civ. P. 56(e)(2),(3).

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends that BB&T's Motion for Summary Judgment (ECF No. 10) be GRANTED, and that the Court enter judgment in favor of the plaintiff, Branch Banking & Trust Company, in the amount of $960,089.98 plus additional accrued interest in the amount of $200.5673 per day through the date of judgment.[5]

## V. REVIEW PROCEDURE

By copy of this Report, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedures:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within 14 days from the date of mailing of this Report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(d) of said rules. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections

---

[5] $960,089.98 is the total of the principal owed on both notes, the accrued interest on both notes through the date of this Report, late fees, and the appraisal fee. $200.5673 is the total of the per diem interest rates for both notes.

within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 10, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report was mailed this date to the following:

Jonathan L. Hauser, Esq.
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA   23462
   *Counsel for plaintiff Branch*
   *Banking and Trust Company*

Joseph F. Verser, Esq.
Jones, Blechman, Woltz & Kelly, P.C.
P.O. Box 12888
Newport News, VA   23612-2888
   *Counsel for defendant Ned's*
   *Marine & Auto Center, Inc.*

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 10, 2011