IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



**BRANCH BANKING AND TRUST COMPANY,**

Plaintiff,

v.  CIVIL ACTION NO.: 4:10cv 156

**NED'S MARINE & AUTO CENTER, INC.,**

Defendant.

### *ORDER*

This matter is currently before the Court on Defendant's Objection and Plaintiff's Limited Objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **MODIFIED** and **ADOPTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Branch Banking and Trust Company ("Plaintiff") brought this action seeking judgment on two promissory notes made payable to Plaintiff by Defendant Ned's Marine & Auto Center, Inc. ("Defendant"). On March 18, 2011, Plaintiff filed a Motion for Summary Judgment against Defendant. On April 11, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court entered an order designating United States Magistrate Judge F. Bradford Stillman ("Magistrate Judge Stillman") to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of Plaintiff's Motion.

On June 10, 2011, Magistrate Judge Stillman filed his Report and Recommendation ("Report"), in which he recommended that the Plaintiff's Motion for Summary Judgment be **GRANTED**; and that the Court enter judgment in favor of Plaintiff in the amount of $960,089.98 plus additional accrued interest in the amount of $200.5673 per day through the date of judgment. The recommended judgment consists of the total principal owed on both promissory notes, the accrued interest on both notes through the date of the Report, late fees, and the appraisal fee. The Report also advised the parties of their right to file written objections to the findings and recommendations of the Magistrate Judge. The clerk mailed both parties copies of the Report. On June 23, 2011, Plaintiff filed a Limited Objection to the Magistrate Judge's Report on the grounds that the Magistrate Judge failed to include within the recommended judgment the attorney's fees incurred. On June 24, 2011, Defendant filed an Objection to the Magistrate Judge's Report arguing that the Magistrate Judge should not have included the appraisal fee within the recommended judgment. This matter is now ripe for disposition by the Court.

## II. LEGAL STANDARD

When considering a party's objections to the findings and recommendations of the Magistrate Judge, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by [the Magistrate Judge], if objected to, are subject to final *de novo* determination on such objections by a district judge, thus satisfying the requirements of Article III."). Under de novo review, "the magistrate judge's report and recommendation carries no

presumptive weight, and the district court may accept, reject or modify the report, in whole or in part, and may recommit the matter to the magistrate judge with instructions." *Halloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."). When conducting a "de novo" determination, as that term is used in Rule 72, a district court judge must give "fresh consideration" to portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

## III. DISCUSSION

### A.    Plaintiff's Limited Objection

Plaintiff alleges that the Report is correct in all respects except that the Magistrate Judge failed to account for the attorney's fees incurred when calculating the recommended judgment. Plaintiff argues that the attorney's fees were never disputed among the parties and that Plaintiff is rightfully entitled to such fees under the promissory notes. This Court has carefully and independently reviewed the record in this case and Plaintiff's limited objection to the Report. Having done so, the Court finds that the attorney's fees should have been incorporated into the judgment. Each of the promissory notes at issue in this case provides: "If this Note is placed with an attorney for collection, the undersigned agrees to pay, in addition to principal and interest, all costs of collection, including but not limited to *reasonable attorneys' fees*." *See* Pl.'s Mem in Supp. of Mot. for Summ. J., Ex. 1, at 3 (emphasis added). Furthermore, at no point did Defendant dispute that Plaintiff is entitled to attorney's fees or present any evidence to refute the amount claimed by Plaintiff. Accordingly, the Court finds that the Magistrate Judge erred in

failing to account for Plaintiff's reasonable attorney's fees within the recommended judgment. Thus, Magistrate Judge Stillman's Report is **MODIFIED** to include a judgment of attorney's fees for Plaintiff in the amount of $32,586.55.

## B. Defendant's Objection

Defendant objects to the Magistrate Judge's finding that no material fact remains in dispute with regards to the appraisal fee. Specifically, Defendant argues that although the deed of trust is incorporated by reference into the two promissory notes, the terms of the deed of trust apply only where the beneficiary institutes an action to enforce the deed of trust and not when the beneficiary institutes an action for the payment of the promissory notes. Defendant argues that because Plaintiff seeks payment under the promissory notes rather than foreclosure under the deed of trust, the remedies provided under the deed of trust are not applicable. This Court has carefully and independently reviewed the record in this case and Defendant's objection to the Report. Having done so, the Court finds that there are no meritorious reasons to sustain Defendant's objection.

As discussed above, both of the promissory notes at issue specifically provide that Plaintiff may recover "all costs of collection." In support of its Motion for Summary Judgment, Plaintiff attached a sworn declaration by Cheryl Harriman, Regional Credit Officer for Plaintiff, attesting to the fact that appraisal is "an ordinary and necessary part of the process involved in collecting" on the promissory notes. Pl.'s Supplemental Mem in Supp. of Mot. for Sum. J., Supplemental Harriman Decl. ¶ 17. Defendant has provided no evidence or affidavits to dispute Harriman's assertion. Accordingly and as noted in Magistrate Judge Stillman's Report, the Court finds that there is no genuine dispute as to any material fact regarding whether the appraisal fee

should be included within the judgment for Plaintiff. Thus, the Court finds that Defendant has raised no grounds warranting this Court's departure from the recommendations as stated in Magistrate Judge Stillman's Report.

## IV. CONCLUSION

After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **MODIFY** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed June 10, 2011. Plaintiff's Motion for Summary Judgment is **GRANTED** and judgment is entered in favor of Plaintiff in the amount of $960,089.98 plus additional accrued interest in the amount of $200.5673 per day from June 10, 2011 through the date of judgment. Furthermore, Plaintiff is awarded attorney's fees in the amount of $32,586.55.

The Court **DIRECTS** the Clerk to send a copy of this Order to the counsel and parties of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July 11, 2011

5